MARGARET ROSENTHAL, Bar No. 147501
mrosenthal@bakerlaw.com
SABRINA L. SHADI, Bar No. 205405
sshadi@bakerlaw.com
DAWN KENNEDY, Bar No. 252406
dkennedy@bakerlaw.com
MATTHEW I. BOBB, Bar No. 253308
mbobb@bakerlaw.com
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California  90025-7120
Telephone:     310.820.8800
Facsimile:      310.820.8859

Attorneys for Defendants
HMS HOST USA, INC., HOST INTERNATIONAL,
INC. and DONALD FRAZEE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHAWN VELASQUEZ, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"), <br><br> Plaintiffs, <br><br> v. <br><br> HMS HOST USA, INC., a Delaware Corporation; HOST INTERNATIONAL, INC., a Delaware Corporation; DONALD FRAZEE; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.  12-CV-02312-MCE (CKD) <br><br> [Assigned to the Honorable Morrison C. England, Courtroom 7] <br><br> **DEFENDANTS HMS HOST USA, INC. AND HOST INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> Date:            November 15, 2012 <br> Time:           2:00 p.m. <br> Courtroom:    7 <br><br> Action Filed:     July 13, 2012 <br> Action Removed:  September 9, 2012 |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................. 1

III.  ANALYSIS ......................................................................................................... 2

    A.    Host Has Established Traditional Diversity Jurisdiction ........................ 2

        1.    The Parties Are Diverse ................................................................. 2

        2.    Donald Frazee Is A Sham Defendant ............................................ 2

            a.    Conclusory Allegations ...................................................... 3

            b.    Frazee Cannot Be Liable Under Section 558 As A Matter Of Law .................................................................................... 4

    B.    The Amount In Controversy Exceeds $75,000 ...................................... 6

        1.    Legal Standard ............................................................................... 6

        2.    PAGA Claims Should Be Aggregated ........................................... 7

        3.    Ninth Circuit Case Law Does Not Support Remand ...................... 8

        4.    Plaintiff's Claims Exceed $75,000 .............................................. 10

    C.    Host Has Established Jurisdiction Under CAFA .................................. 10

        1.    Legal Standard ............................................................................. 10

        2.    Overtime ....................................................................................... 11

        3.    Waiting Time Penalties ................................................................ 12

        4.    PAGA ........................................................................................... 13

        5.    Violation of California Business and Professions Code ............... 13

        6.    Total Amount in Controversy ...................................................... 14

    D.    Attorney's Fees ................................................................................... 14

IV.   CONCLUSION ................................................................................................ 15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

i

601660187

# TABLE OF AUTHORITIES

Page(s)

CASES

*Arias v. Superior Court*,
46 Cal. 4th 969 (2009)................................................................................7, 9, 10

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937 (2009) ...............................................................2, 3

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) ................................................................................2

*Bauman v. Chase Investment Services, Corp.*,
No. 11-06667 (C.D. Cal., Oct. 26, 2011), Dkt. 22 ..............................................7

*Brady v. Mercedes-Benz USA, Inc.*,
243 F.Supp.2d 1004 (N.D.Cal.2002)..................................................................14

*Canton Poultry & Deli, Inc. v. Stockwell, Harris, Widom & Woolverton*,
109 Cal. App. 4th 1219 (2003) .............................................................................3

*Cohn v. PetsMart*, Inc., 281 F.3d 837 (9th Cir. 2002) ...............................................6

*Coleman v. Estes Express Lines, Inc.*,
730 F. Supp. 2d 1141 (C.D. Cal. 2010)........................................................11, 12

*Eagle v. Am. Tel. & Tel. Co.*,
769 F.2d 541 (9th Cir. 1985)............................................................................7, 8

*Fernandez-Montes v. Allied Pilots Association*,
987 F.2d 278 (5th Cir. 1993)................................................................................2

*Fisher v. San Pedro Peninsula Hospital*,
214 Cal. App. 3d 590 (1989)................................................................................3

*Gibson v. Chrysler Corp.*,
261 F. 3d 927 (9th Cir. 2001)...............................................................................9

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696 (9th Cir. 2007).....................................................................6, 10, 11

*International Padi, Inc. v. Diverlink*,
2005 WL 1635347 (9th Cir. 2005).....................................................................13

*Janken v. GM Hughes Electronics*,
46 Cal. App. 4th 55 (1996)...................................................................................5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

601660187

*Jeske v. Maxim Healthcare Services, Inc.*,
    2012 WL 78242 (E.D.Cal. January 10, 2012) .................................................................. 3

*Johnson v. Lane Bryant, Inc.*,
    No. 2:12-cv-02504 (May 16, 2012) .................................................................................. 7

*Jones v. Lodge at Torrey Pines Partnership*,
    42 Cal. 4th 1158 (2008) ................................................................................................... 5

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2011) ........................................................................................... 9

*Li v. A Perfect Day Franchise, Inc.*,
    2012 WL 929784 (N.D. Cal. March 19, 2012) ................................................................ 5

*Lopez v. Ace Cash Express, Inc.*,
    2012 WL 1655720 (C.D. Cal. May 4, 2012) ............................................................ 7, 8, 9

*Lyon v. W.W. Grainger, Inc.*,
    2010 WL 1753194 (N.D. Cal 2010) ............................................................................ 6, 13

*Martinez v. Combs*,
    49 Cal.4th 35 (2010) ........................................................................................................ 5

*McCabe v. General Foods Corp.*,
    811 F.2d 1336 (9th Cir. 1987) ......................................................................................... 2

*Morris v. Princess Cruises, Inc.*,
    236 F.3d 1061 (9th Cir. 2001) ......................................................................................... 2

*Ochoa-Hernandez v. Cjaders Foods, Inc.*,
    2009 WL 1404694 (N.D. Cal. 2009) ................................................................................ 5

*Ontiveros v. Zamora*,
    2009 WL 425962 (E.D. Cal. 2009) .................................................................................. 5

*Pereira v. Gate Gourmet, Inc.*,
    2009 U.S. Dist. LEXIS 41330 (C.D. Cal. April 30, 2009) ......................................... 12, 13

*Ray v. Wells Fargo Bank, N.A.*,
    2011 WL 179123 (C.D.Cal. 2011) ................................................................................. 11

*Reno v. Baird*,
    18 Cal. 4th 640 (1998) ..................................................................................................... 5

*Reyes v. Macy's Inc.*,
    202 Cal. App. 4th 1119 (2011) ........................................................................................ 8

*Reynolds v. Bement*,
    36 Cal.4th 1075 (2005) .................................................................................................... 5

iii

*Singer v. State Farm Mut. Auto. Ins. Co.*,
    116 F. 3d 373 (9th Cir. 1997) .................................................................. 6

*Snyder v. Harris*,
    394 U.S. 332, 89 S. Ct. 1053, 22 L. Ed. 2d 319 (1969) ........................... 7

*Songer v. Cooney*,
    214 Cal. App. 3d 387 (1989) ..................................................................... 3

*Thomas v. Aetna Health of Cal., Inc.*,
    2011 WL 2173715 (E.D. Cal. June 2, 2011) ..................................... 7, 8, 9

*Thompson v. Target Corp.*,
    No. 2:12-cv-00010-MWFMRW (C.D. Cal. May 31, 2012) ..................... 7

*Troy Bank of Troy, Ind. v. G.A. Whitehead & Co.*,
    222 U.S. 39 (1911) ................................................................................... 7

*Urbino v. Orkin Servs. of Cal., Inc.*,
    2011 WL 4595249 (C.D. Cal. Oct. 5, 2011) ........................................ 7, 9

*Vigil v. HMS Host USA, Inc.*,
    2012 U.S. Dist. LEXIS 112928 (N.D. Cal. Aug. 10, 2012) ..................... 4

*Villacres v. ABM Indus. Inc.*,
    189 Cal. App. 4th 562 (2010) ................................................................... 7

*Zator v. Sprint/United Mgmt. Co.*,
    2011 U.S. Dist. LEXIS 33383 ............................................................. 7, 9

*Zavala v. HMS Host USA, Inc.*
    Case No. EDCV12-00915 (C.D. Cal. 2012) ...................................... 3, 4, 7

**RULES**

Federal Rule of Civil Procedure 12(b)(6) .................................................... 1

**STATUTES**

28 U.S.C. § 1332(a) ...................................................................................... 6

28 U.S.C. § 1441(a) .................................................................................... 10

Cal. Code Civ. Pro. § 430.10(e) .................................................................. 3

Cal. Labor Code § 558 .......................................................................... 3, 4, 5

Cal. Labor Code § 2699(f)(2) .................................................................... 13

Cal. Labor Code § 218.5 ............................................................................ 14

iv

Cal. Labor Code § 1194 ........................................................................ 14

Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)............................................. 1, 10, 13, 14

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
CASE NO.  12-CV-02312-MCE (CKD)

601660187

1    I.     **INTRODUCTION**

2          LaShawn Velasquez ("Plaintiff") Motion for Remand ("Motion") should be denied.

3    Defendants Host International, Inc. and HMS Host USA, Inc. (collectively, "Host") filed a valid

4    Notice of Removal as this case meets the criteria for removal under both traditional diversity

5    jurisdiction and jurisdiction under CAFA.  Traditional diversity jurisdiction is satisfied because

6    the legitimate parties are diverse.  Individual defendant Donald Frazee ("Frazee") was only

7    included in this lawsuit as a sham defendant to defeat diversity as part of Plaintiff and her

8    attorneys' tactic to forum shop.  Also, the amount in controversy for this case far exceeds the

9    $75,000 statutory requirement for traditional diversity because Private Attorney General Act

10   ("PAGA") claims are properly aggregated to determine the amount in controversy.  Further,

11   jurisdiction exists under CAFA.  Plaintiff does not deny the diversity of the parties or the size of

12   the proposed class for purposes of CAFA.  Additionally, Host has shown through the allegations

13   in the Complaint, a competent declaration, and reasonable inferences that the amount in

14   controversy far exceeds the statutory minimum of $5,000,000.

15   II.    **BACKGROUND**

16         On August 10, 2012, Plaintiff served Host with copies of the Summons, Complaint and

17   related Court documents.  Host filed and served a Notice of Removal ("Removal") on September

18   7, 2012 on the bases of traditional diversity jurisdiction and CAFA jurisdiction.  On September

19   14, 2012, Host served a Motion to Dismiss based on the "First to File" rule as this lawsuit is

20   duplicative of the already filed case *Medlock v. HMS Host USA, Inc.*, et al. Case No. SACV 10-

21   01458-CJC(AJWx).  Host further moved to dismiss Plaintiff's claims against Frazee pursuant to

22   Federal Rule of Civil Procedure 12(b)(6).  The Motion to Dismiss is scheduled to be heard on

23   November 15, 2012.

24   \ \ \

25   \ \ \

26   \ \ \

27   \ \ \

28   \ \ \

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
CASE NO.  12-CV-02312-MCE (CKD)

601660187

## III.    ANALYSIS

### A.    Host Has Established Traditional Diversity Jurisdiction

#### 1.    The Parties Are Diverse

Defendants Host International Inc. and HMS Host USA, Inc. and Plaintiff are diverse for the purposes of jurisdiction. As demonstrated in the Notice of Removal, Host International Inc. and HMS Host USA, Inc. are citizens of the states of Delaware and Maryland, while Plaintiff is a citizen of the state of California. (Removal, ¶¶ 7-8.) Plaintiff does not deny this in the Motion.

#### 2.    Donald Frazee Is A Sham Defendant

Anticipating Host's filing of a notice of removal in this case, Plaintiff has made conclusory allegations against Host employee, Donald Frazee, in an attempt to defeat diversity jurisdiction. Because Plaintiff's allegations do not state a valid cause of action against Frazee, his citizenship should be ignored for the purposes of determining diversity of the parties. Host and Frazee have moved to dismiss the claims against Frazee on these grounds.

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *See Also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). A complaint fails to state a claim when there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993).

Under the Supreme Court decisions in *Twombly* and *Iqbal*, a plaintiff can "unlock the doors of discovery" if and only if she alleges facts that demonstrate a plausible right to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). Any legal conclusions presented in the complaint as factual allegations are disregarded in this determination. *Id.* at 678-679. Thus,

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
CASE NO. 12-CV-02312-MCE (CKD)

601660187

1  Plaintiff must plead in the complaint itself facts that are sufficient to prove liability against Frazee

2  and entitle her and the putative class members to relief. Plaintiff has not met this burden[1].

3           a.   Conclusory Allegations

4       Plaintiff is only seeking recovery from Frazee under Labor Code Section 558 and PAGA,

5  and Plaintiff's sole allegation specifically referring to Frazee is that he was a "person acting on

6  behalf of an employer." (Complaint, ¶ 10). This reference to Frazee is a direct quotation from

7  Section 558 and thus merely a legal conclusion, which should be disregarded. *See Ashcroft v.*

8  *Iqbal*, 129 S.Ct. 1937, 556 U.S. 662, 678, 173 L.Ed. 2d 868 (2009); *Fisher v. San Pedro*

9  *Peninsula Hospital*, 214 Cal. App. 3d 590, 604 (1989).

10       Courts have found that no cause of action was stated when such conclusory allegations

11  were made in this very context regarding Labor Code § 558. In *Zavala v. HMS Host USA, Inc.*,

12  U.S. District Court Central District of California, Case No. EDCV12-00915-CJC, the court

13  dismissed an individual general manager based on identical allegations, holding: "Merely

14  alleging that Mr. Eldred acted on behalf of Host is a legal conclusion, and not a factual

15  allegation." *See Zavala v. HMS Host USA, Inc.*, Case No. EDCV12-00915-CJC, Dkt. No. 24.

16       In *Jeske v. Maxim Healthcare Services, Inc.*, No. CV F 11–1838 LJO JLT, 2012 WL

17  78242 (E.D.Cal. January 10, 2012), the plaintiff generally alleged that two defendants "exercised

18  control over the wages of employees" and "designated and implemented policies regarding meal

19  and rest breaks, working hours and deductions." *Id.* at *21. The court dismissed the claims

20  against the individual defendants because no specific facts were alleged: "Without specific facts

21  of Mr. Tagayun's and Ms. Blankenship's wrongful conduct, reliance on section 558 is unavailing.

22  The complaint lacks facts that Mr. Tagayun and Ms. Blankenship acted on Maxim's behalf to

23

24  [1] In addition, under the pleading standard for a demurrer in California state court, Plaintiff cannot state a claim against Frazee. "The function of a demurrer is to test the sufficiency of a pleading

25  by raising questions of law." *Songer v. Cooney*, 214 Cal. App. 3d 387, 390 (1989). A demurrer will be granted if the complaint fails to state sufficient facts to constitute a cause of action. Cal.

26  Code Civ. Pro. § 430.10(e). A court considering the demurrer "will accept as true the properly pleaded allegations of fact in the complaint, but not the contentions, deductions or conclusions of

27  fact or law." *Canton Poultry & Deli, Inc. v. Stockwell, Harris, Widom & Woolverton*, 109 Cal. App. 4th 1219, 1225 (2003); *see also Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d

28  590, 604 (1989) ("While a demurrer admits all material and issuable facts, it does not admit contentions, deductions or conclusions of law.")

3    DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
CASE NO. 12-CV-02312-MCE (CKD)

1   cause wage and hour violations. The complaint merely alleges that Mr. Tagayun and Ms.

2   Blankenship are managers/supervisors." *Id.*

3       In the motion, Plaintiff argues that the "Complaint in fact defines the collective term

4   "Defendants" to include Defendant Donald Frazee and therefore attributes the plethora of

5   allegations made with respect to "Defendants" to Frazee along with the corporate defendants."

6   (Motion, p. 6.) This is the same argument that failed in *Zavala*. That Court held: "The remainder

7   of the Complaint refers to 'Defendants,' which Ms. Zavala has defined to include Mr. Eldred.

8   Such general pleading is insufficiently specific to place Mr. Eldred on notice of the precise

9   misconduct for which he is allegedly liable." *See Zavala v. HMS Host USA, Inc.*, Case No.

10  EDCV12-00915-CJC, Dkt. No. 24.

11      Plaintiff's attempt to compare this case to *Vigil v. HMS Host USA, Inc.*, No. C 12-02982

12  S, 2012 U.S. Dist. LEXIS 112928 (N.D. Cal. Aug. 10, 2012) fails because the allegations in the

13  cases are different. In *Vigil*, the individual defendant, Hainry, was alleged to be a store manager

14  and the complaint contained allegations regarding the actions of "restaurant managers." *Id.*

15  However, here, as in Zavala, Frazee is the General Manager for Host at the airport and never

16  alleged to be the manager of a store or restaurant. Thus, any allegations regarding the actions of

17  restaurant managers and supervisors cannot be imputed to Frazee.

18      Plaintiff, in fact, misrepresents the allegations in her own Complaint. In the Motion,

19  Plaintiff states that her Complaint asserts that "Mr. Frazee failed to properly staff the work

20  locations which resulted in depriving Plaintiff and class members of overtime and meal breaks,

21  and is thus liable for civil penalties under Section 558. (*See* Comp., ¶ 58.)" (Motion, p.6.) Mr.

22  Frazee is not mentioned in paragraph 58 of the Complaint at all, or in any part of the Complaint

23  other than the solitary conclusory allegation in paragraph 10. Thus, Frazee's state of residence

24  should not be considered in determining remand.

25          b.   Frazee Cannot Be Liable Under Section 558 As A Matter Of Law

26      Without any allegations supporting alter ego liability, Frazee cannot be held personally

27  liable for the corporation's alleged state law wage and hour violations, as the allegations against

28  him are pled. Frazee is not alleged to be a high level corporate officer and even if he were,

4

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
CASE NO. 12-CV-02312-MCE (CKD)

601660187

1    individuals associated with a corporation including, officers, directors, shareholders cannot be

2    personally liable for the corporation's state law wage and hour violations. *See Li v. A Perfect Day*

3    *Franchise, Inc.,* No. 5:10–CV–01189–LHK, 2012 WL 929784, *28 (N.D. Cal. March 19, 2012)

4    citing *Reynolds v. Bement*, 36 Cal.4th 1075 (2005), overruled on other grounds by *Martinez v.*

5    *Combs*, 49 Cal.4th 35, 109 (2010). Supporting this policy, the California Supreme Court has

6    repeatedly found strong rationales against holding individuals personally liable for employment

7    actions.[2] Some of the Court's reasons "for not imposing individual liability" included

8    "supervisors can avoid harassment but cannot avoid personnel decisions, it is incongruous to

9    exempt small employers but to hold individual nonemployers liable, sound policy favors avoiding

10   conflicts of interest and the chilling of effective management, corporate employment decisions are

11   often collective, and it is bad policy to subject supervisors to the threat of a lawsuit every time

12   they make a personnel decision...." *Jones v. Lodge at Torrey Pines Partnership,* 42 Cal.4th 1158,

13   1166-1167 (2008). Such policy rationales further strengthen the bases for why Frazee cannot be

14   held liable for his actions allegedly taken on behalf of Host.

15          In fact, there appears to be an absence of (and Plaintiff has not cited any) authority where

16   an individual manager has been held liable for civil penalties under Section 558. Rather, where

17   an individual has been found liable, that individual has been an owner who was alleged to have

18   exercised a high degree of control over the employees at issue. *See, e.g., Ontiveros v. Zamora*,

19   2009 WL 425962 (E.D. Cal. 2009); *Ochoa-Hernandez v. Cjaders Foods, Inc.*, 2009 WL 1404694

20   (N.D. Cal. 2009). Plaintiff's allegations against Frazee, in contrast, amount to nothing more than

21   a solitary conclusory allegation.

22

23

24

_____

25   [2] *See Jones v. Lodge at Torrey Pines Partnership,* 42 Cal. 4th 1158 (2008) (holding that
     nonemployer individuals could not be held personally liable under FEHA for their role in
26   retaliation); *Reno v. Baird*, 18 Cal. 4th 640 (1998) (holding that supervisors could not be sued
     individually under FEHA for alleged discriminatory acts and for wrongful discharge in violations
27   of public policy); *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55 (1996) (holding
     individual employees could not be held personally liable for personnel management decisions
28   later considered discriminatory).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
CASE NO. 12-CV-02312-MCE (CKD)

**B.** **The Amount In Controversy Exceeds $75,000**

      **1.** **Legal Standard**

A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000 when the plaintiff fails to set forth any specific damage amount. *See, e.g., Cohn v. PetsMart*, Inc., 281 F.3d 837, 839-40 (9th Cir. 2002). Where a complaint "does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds" the requisite $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 376 (9th Cir. 1997). Further, where a plaintiff attempts to plead damages under the jurisdictional minimum— presumably in order to avoid a federal forum—the complaint must state specifically that the damages alleged to be under $75,000 include every recovery. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (holding that the amount in controversy was unclear even though the complaint stated that "'the sum of such damages and the value of injunctive relief sought by plaintiff in this action is less than $75,000'" because this statement did not include the "back payment of health benefits and taxes as well as an accounting of moneys due to the Distributors and other similarly situated class members"); *See also Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194 (N.D. Cal 2010) (holding that a complaint alleging that "[t]he amount in controversy, inclusive of damages, restitution, penalties and pro rata share of statutory attorney fees for the named plaintiff, does not exceed $75,000" did not clearly state the amount in controversy because the allegations "did not include the financial burden of taxes and injunctive relief against defendant in her assertion that the amount in controversy does not exceed $75,000").

Plaintiff has attempted to limit the amount in controversy to below $75,000, but her complaint understates the total amount in controversy by excluding civil penalties which are recoverable, under the Fifth Cause of Action for PAGA penalties, by alleged "aggrieved employees" other than Plaintiff. Specifically, in order to properly calculate the amount in controversy for Plaintiff's PAGA claims, her alleged damages must be aggregated with those of the other former and current Host employees on whose behalf she is suing under PAGA.

601660187

## 2.   PAGA Claims Should Be Aggregated

The weight of authority from courts considering the issue is that PAGA claims should be aggregated to determine the amount in controversy.[3]  These courts hold that "the amount in controversy in a PAGA claim is predicated on the total amount of civil penalties sought by the aggrieved employees." *Urbino v. Orkin Services of California, Inc.*, 2011 WL 4595249, *9; Despite Plaintiff's contention that the various district court cases aggregating PAGA claims have been wrongly decided, the counter and prevailing view is supported by case law and well-reasoned.

The Supreme Court has long recognized that claims may be aggregated to establish the amount in controversy in "cases in which parties unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335, 89 S. Ct. 1053, 22 L. Ed. 2d 319 (1969).  A claim is common and undivided where "neither [party] can enforce [the claim] in the absence of the other." *Id.* at 46 (citing *Troy Bank of Troy, Ind. v. G.A. Whitehead & Co.*, 222 U.S. 39, 41 (1911)).  Thus, the court must determine whether the claims of the group can be pursued on an individual basis, or whether the claim is one that must be asserted by the group. *Id.* If the claims stem from rights that the plaintiffs hold in group status, then they are common and undivided. *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 546 (9th Cir. 1985).

A private plaintiff suing under PAGA acts as a "proxy or agent of the state's labor law enforcement agencies," "essentially bringing a law enforcement action designed to protect the public." *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009); *See also Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 758 (2010); *Urbino v. Orkin Servs. of Cal., Inc.* 2011 WL 4595249, *6 (C.D. Cal. Oct. 5, 2011).  "Restitution is not the primary object of a PAGA action, as it is in most class actions." *Villacres*, 189 Cal. App. 4th at 578.  "An aggrieved employee does not sue

---

[3] See *Thomas v. Aetna Health of Cal., Inc.*, 2011 WL 2173715 (E.D. Cal. June 2, 2011); *Urbino v. Orkin Servs. of Cal., Inc.*, No. 11-06456, 2011 WL 4595249 (C.D. Cal. Oct. 5, 2011); *Lopez v. Ace Cash Express, Inc.*, No. 11-07611, 2012 WL 1655720 (C.D. Cal. May 4, 2012); *Bauman v. Chase Investment Services, Corp.*, No. 11-06667 (C.D. Cal., Oct. 26, 2011), Dkt. 22; *Thompson v. Target Corp.*, No. 2:12-cv-00010-MWFMRW (C.D. Cal. May 31, 2012); *Zavala v. HMS Host USA, Inc.* Case No. EDCV12-00915 (C.D. Cal. 2012), Dkt. No. 24.  Plaintiff only cites two *cases Zator v. Sprint/United Mgmt. Co.*, No. 09-cv-2577, 2011 U.S. Dist. LEXIS 33383 and *Johnson v. Lane Bryant, Inc.*, No. 2:12-cv-02504 (May 16, 2012) disfavoring PAGA aggregation.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
CASE NO. 12-CV-02312-MCE (CKD)

601660187

1   under PAGA to vindicate his individual claims." *Lopez v. Ace Cash Express, Inc.*, No. 11-07611,

2   2012 WL 1655720 (C.D. Cal. May 4, 2012).  Further, "[d]amages are awarded not to the

3   individual plaintiff but to the aggrieved employees as a whole." *Lopez*, 2012 WL 1655720, at *5.

4   In fact, a PAGA claim cannot be brought on behalf of one person alone. *Reyes v. Macy's Inc.*,

5   202 Cal. App. 4th 1119, 1123-24 (2011).  Rather, a PAGA action must be brought by a group of

6   aggrieved employees on behalf of the State.  *Id.*  Therefore, it fits the definition of a common and

7   undivided interest.

8        Moreover, as PAGA deputizes the public to bring a law enforcement action on its behalf, a

9   PAGA case should be treated the same way as an LWDA action.  If the LWDA were to bring a

10   claim for civil penalties, all penalties would be aggregated.  As one court recently noted: "It is

11   incongruent that a single claim for civil penalties in the hands of the LWDA would transform into

12   a collection of separate distinct claims in the hands of aggrieved employees who are simply

13   deputized as a group to act in the LWDA's stead, pursing the same common interest." *Thomas v.*

14   *Aetna Health of Cal., Inc.*, 2011 WL 2173715, *55 (E.D. Cal. June 2, 2011).

15        **3.**    **Ninth Circuit Case Law Does Not Support Remand**

16        *In Eagle v. Am Tel. & Tel. Co.*, the Ninth Circuit held that minority shareholders' claims

17   arose from a common and undivided interest in remedying an injury to the corporation. *Eagle v.*

18   *Am. Tel. & Tel. Co.*, 769 F.2d 541, 546 (9th Cir. 1985).  The court reasoned that, while the

19   depletion of the corporation's assets had an effect on the value of the shareholders' stock, this was

20   only an indirect injury.  Thus, the minority shareholders' claims had to be made as a group on

21   behalf of the corporation. *Id.*; *See also Thomas v. Aetna Health of California, Inc.*, 2011 WL

22   2173715, *16 (E.D.Cal. 2011).

23        Despite Plaintiff's attempt to distinguish it, *Eagle* can be easily analogized to a PAGA

24   claim.  As a shareholder in a derivative suit steps into the shoes of a corporation, asserts its

25   interest and has no individual right to recovery, a PAGA plaintiff steps into the shoes of the

26   LWDA to asserts its interest.  *See Thomas*, 2011 WL 2173715, at *17-18.  Similar to shareholder

27   derivative suits, "aggrieved employees are deputized to step into the shoes of the LWDA and

28   pursue its interests in enforcement of the Labor Code." *Id.* at *17.  "Private PAGA plaintiffs'

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
CASE NO. 12-CV-02312-MCE (CKD)

601660187

1  interests are only tangential and derivative of the LWDA; PAGA was not designed to compensate

2  employees nor can the penalties recovered be considered 'damages' in a compensatory sense."

3  *Id.* citing *Arias*, 46 Cal.4th at 986.  "Therefore, like shareholders whose suit derives from and is

4  dependent upon injury to the corporation, PAGA suits are maintained by aggrieved employees as

5  a group whose right to sue is derived strictly from statute and predicated upon the interests of the

6  LWDA." *Id.* at *18.  The division of the civil penalties only highlights the primary public focus of

7  a PAGA action. See *Id.*

8          Plaintiff argues that PAGA actions should be compared with class actions, which are

9  generally not aggregated.  Plaintiff cites *Gibson v. Chrysler Corp.*, 261 F. 3d 927 (9th Cir. 2001) a

10  case which held class claims in a disgorgement case should not be aggregated, as all the claims

11  were separate and individually cognizable.  Courts have disapproved attempts to analogize

12  Gibson and class actions to PAGA actions as Plaintiff does in her Motion.  See *Urbino*, 2011 WL

13  4595249, at *6; *See* Lopez, 2012 WL 1655720, at *6.  In *Lopez*, the court found the *Zator*[4]

14  analysis analogizing Gibson unpersuasive, as Zator did not even address the issue of whether

15  there was a common and undivided interest.  See *Urbino*, 2011 WL 4595249, at *7; Lopez, 2012

16  WL 1655720, at *6.  Moreover, the Court in *Lopez* found that *Zator*'s reliance on the rules

17  regarding class-actions is not controlling "because different rules govern aggregation in the class

18  action context." *Lopez*, 2012 WL 1655720, at *6; *See also Arias v. Superior Court*, 46 Cal. 4th

19  969 (2009).  For example, a judgment in a PAGA action "is binding not only on the named

20  employee plaintiff but also on government agencies and any aggrieved employee not a party to

21  the proceeding." *Arias*, 46 Cal. 4th at 985.  As such, the right of recovery held by an aggrieved

22  employee is not "separate and distinct" from that held by LWDA.

23          Plaintiff also cites *Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2011), which

24  involved a class action under the CLRA, where the court rejected a request to aggregate punitive

25  damages, attorney's fees, and the costs of an injunction.  *Id.* at 856.  *Kanter* does not control as it

26  involved consumers seeking relief for their individual claims.  The fact that they utilized statutory

27

---

[4] *Zator v. Sprint/United Mgmt. Co.*, No. 09-cv-2577, 2011 U.S. Dist. LEXIS 33383 (S.D. Cal. Mar. 29, 2011)

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
CASE NO. 12-CV-02312-MCE (CKD)

601660187

1  remedies like California's Consumer Legal Remedies Act, does not make them analogous to a

2  PAGA representative action where the plaintiffs act for and on behalf of the State. *See Arias*, 46

3  Cal. 4th at 986.

4       Thus, this court should follow the prevailing authority in holding that in a PAGA action,

5  PAGA penalties attributable to the entire group of allegedly aggrieved employees are considered

6  in determining the amount in controversy.

7             **4.    Plaintiff's Claims Exceed $75,000**

8       As outlined in the Notice of Removal, the amount in controversy based on penalties for

9  the PAGA violations alleged by Plaintiff well exceeds $75,000.  In fact, the aggregate PAGA

10  violations reach $2,612,700.[5]  Thus, Host has met its burden of showing that the amount in

11  controversy exceeds $75,000.

12        **C.    Host Has Established Jurisdiction Under CAFA**

13       Pursuant to 28 U.S.C. § 1441(a), Host may remove the state court action to federal court

14  under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), ("CAFA") if (i) the matter in

15  controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and

16  costs; (ii) this action is pled as a class action involving more than one hundred (100) putative class

17  plaintiffs; and (iii) members of the putative class are citizens of a state different from that of the

18  defendants.  Plaintiff does not dispute that Host has met the threshold criteria for class size and

19  diversity of citizenship under CAFA.  Rather, Plaintiff argues that the amount in controversy is

20  too small.  Again, her argument fails.

21             **1.    Legal Standard**

22       Host must prove the amount in controversy exceeds $5 million by a preponderance of the

23  evidence.  This is the appropriate standard when on the face of the complaint it is unclear or

24  ambiguous whether the requisite amount in controversy in pled.  *Guglielmino v. McKee Foods*

25  *Corp.*, 506 F. 3d 696, 699 (9th Cir. 2007).  Here the Complaint is ambiguous:  It alleges an

26

27  ―――――――――
[5] Even if this Court determines that the portion of the PAGA recovery that belongs
    to the LWDA (75%) should not be included, the jurisdictional minimum would still
28  be met by the remaining $653,175 in controversy.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
CASE NO. 12-CV-02312-MCE (CKD)

601660187

1  amount in controversy below $5 million, but immediately afterward "reserves the right to seek a

2  larger amount based upon new and different information resulting from investigation and

3  discovery." (Complaint, ¶ 1.)

4      Plaintiff argues that the legal certainty test must apply. However, in order for the test to

5  apply Plaintiff must choose to forgo a larger penalty. *Id.* at 700. By reserving the right to, at any

6  time, seek further damages, Plaintiff has not forgone a recovery above $5 million.

7      Under the preponderance of the evidence standard, the removing party must show that it is

8  more likely than not that the amount in controversy exceeds $5,000,000. *Coleman v. Estes*

9  *Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010). A party removing a case to

10 federal court, and the Court itself, must look to the allegations in the complaint and make

11 reasonable assumptions from that language. *See*, e.g., *Ray v. Wells Fargo Bank, N.A.*, 2011 WL

12 179123, at *2 (C.D.Cal. 2011) ("Jurisdiction must be determined from the face of the

13 complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010)

14 ("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged . . . .").

15     Host's calculations are based on the allegations in the Complaint, the declaration of a Host

16 employee, and reasonable and modest assumptions stemming from the Complaint. Thus, Host's

17 bases for calculating the amount in controversy are legitimate, and as shown in the Notice of

18 Removal the amount in controversy far exceeds $5,000,000.

19         **2.     Overtime**

20     In the Notice of Removal, Host calculated potential damages under Plaintiff's First Cause

21 of Action at $843,274. Plaintiff's challenges to Host's calculations fail. Specifically, Plaintiff

22 claims that the Complaint does not allege a certain number of class members. However, the

23 Tanjuatco Declaration confirms that approximately 744 employees fit the Complaint's definition

24 of class member. There is no basis for Plaintiff to refute this number and Plaintiff has provided

25 none.

26     Next, Plaintiff claims that Host's modest assumption of a violation rate of 1 hour of

27 unpaid overtime per week for each class member is speculative. Plaintiff's own allegations are

28 that she and other non-exempt putative class members "were not paid overtime premium for all

11     DEFENDANTS' OPPOSITION TO PLAINTIFF'S
       MOTION TO REMAND
       CASE NO. 12-CV-02312-MCE (CKD)

1  the hours worked in excess of eight (8) hours in a day, in excess of (12) hours in a day, and/or in

2  excess of forty (40) hours in a week." (Complaint, ¶ 58). Since Plaintiff has not asserted a

3  violation rate, Host's assumptions are proper. *See Coleman*, 730 F. Supp. 2d at 1149-50 ("Courts

4  have assumed a 100% violation rate in calculating the amount in controversy when the complaint

5  does not allege a more precise calculation."). Thus, Host's calculation of $843,274 should stand.

6  **3.    Waiting Time Penalties**

7        Host's calculations of the amount in controversy for waiting time penalties are also based

8  on the allegations in the Complaint, the declaration of a Host employee, and reasonable

9  assumptions stemming from the Complaint. The Complaint states that Host failed to pay Plaintiff

10  and class members formerly employed by Host "all their earned wages, including, but not limited

11  to, overtime wages, minimum wages, and missed meal and rest period premiums, either at the

12  time of discharge, or within seventy (72) hours of their leaving Defendants' employ."

13  (Complaint, ¶ 71). Additionally, Host provided evidence of the average wage ($9.45) and the

14  number of potential class members separated from employment during the statutory period (373).

15  (*See* Tanjautco Declaration in Support of Notice of Removal, ¶ 4). Plaintiff put the full 30 day

16  penalties in controversy through the wording of their Complaint – "up to a maximum of 30 days."

17  Such assumptions, evidence, and calculations of waiting time penalties meet the preponderance of

18  the evidence standard. *See Coleman*, 730 F. Supp. 2d at 1148.

19        Moreover, it is only logical that the full 30 days should be considered. Plaintiff's waiting

20  time penalties are based on Host's alleged failure to properly pay Plaintiff and class members for

21  earned wages upon termination because their compensation at termination did not included all

22  overtime, minimum wages, and missed meal and rest periods. There are no allegations that the

23  putative class members were compensated for these violations at a later date after termination.

24  Therefore, from the Complaint, it is apparent that Plaintiff is alleging that these employees never

25  received their full proper pay. Thus, the 30 day maximum would apply and Host would be

26  allegedly liable for $845,964 (373 x 8 hours x 30 days x $9.45).

27        Plaintiff cites *Pereira v. Gate Gourmet, Inc.*, 2009 U.S. Dist. LEXIS 41330 (C.D. Cal.

28  April 30, 2009) for the proposition that it is improper to assume the full 30 days when the

12

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE NO. 12-CV-02312-MCE (CKD)

1   complaint states "up to a maximum of 30 days." Pereira is easily distinguishable because that

2   case involved specific allegations that class members were only paid 10 days late. *Pereira*, 2009

3   U.S. Dist. LEXIS 41330 at *11-12. Such allegations do not appear in Plaintiff's Complaint.

4   Thus, Host's calculation of $845,964 should stand.

5           **4.    PAGA**

6           Plaintiff again claims that Host's calculations are inflated. However, for the PAGA

7   violations, only one violation per pay period is used. Plaintiff alleges seven separate PAGA

8   violations suffered by the "aggrieved employees," including unpaid overtime, unpaid minimum

9   wages, unlawful wage deductions, missed meal and rest periods, non-complaint wage statements,

10  and failure to timely pay wages (Complaint, ¶ 87.) As just one example, Plaintiff alleges that

11  "Plaintiff and aggrieved employees only received breaks when business at the restaurant was

12  slow." (Complaint, ¶ 88.) It is not speculative to assume that a restaurant was not slow for one

13  day every two weeks.

14          Plaintiff also attempts to discount the amount in controversy based on PAGA claims by

15  reducing the recovery to 25% of the total because 75% of the recovery goes to the LWDA. This

16  argument has no bearing here, as CAFA considers the total amount in controversy. Cases cited

17  by Plaintiff such as *Smith v. Brinker Int'l* and *Pulera v. F&B, Inc.* did not involve CAFA removal.

18          Host's PAGA calculations should stand. PAGA penalties are $100 for each initial

19  violation and $200 for each subsequent violation. Cal. Lab. Code § 2699(f)(2). Host provided

20  evidence of the 13,226 pay periods worked by the 325 alleged "aggrieved employees" under

21  Plaintiff's own definition. Taking into account one violation per pay period, Host calculated the

22  amount in controversy for Plaintiff's PAGA claim alone at $2,612,700 (325 x $100 + 12,901 x

23  $200).

24          **5.    Violation of California Business and Professions Code**

25          Plaintiff seeks to enjoin Host from committing future wage and hour infractions. Courts

26  have found that cost of injunctions against future violations can be included in the amount in

27  controversy. *International Padi, Inc. v. Diverlink*, 2005 WL 1635347, at *1 (9th Cir. 2005). This

28  is true even in the wage and hour context. *See Lyon v. W.W. Grainger*, 2010 WL 1753194 (N.D.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
CASE NO. 12-CV-02312-MCE (CKD)

601660187

1   Cal. 2010).  The cost of enjoining Host would be the same as the total damages described above,

2   which total $4,301,938 ($843,274 + $845,964 + $2,612,700).

3              **6.      Total Amount in Controversy**

4          Combining the amounts in controversy for each alleged claim leads to a calculation of at

5   least $8,603,876: ($843,274 + $845,964 + $2,612,700) x 2 (to account for the value of the

6   injunction)).  This amount exceeds the $5 million CAFA minimum before ever taking into

7   account attorneys' fees.

8         **D.      Attorney's Fees**

9          The amount in controversy under CAFA or traditional diversity jurisdiction is further

10  increased by attorneys' fees.  Courts may take into account reasonable estimates of attorneys' fees

11  likely to be incurred over the course of the case when analyzing disputes over the amount in

12  controversy. *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D.Cal.2002).

13  Plaintiff has sought attorneys' fees in the Complaint which are permitted by Cal. Labor Code §§

14  218.5 and 1194 for all of the Labor Code violations alleged in the Complaint as well as under

15  PAGA.  They should therefore be included in analyzing the amount in controversy threshold.

16         The Notice of Removal lays out fees from a similar case involving the same counsel as

17  represent Velasquez.  In that case, the lead partner billed 373.8 hours at a rate of $495 per hour.

18  The other lawyers billed an additional 718 hours.  The total fee application sought $467,353.00.

19  Further, fees were sought in connection with a settlement, which occurred before incurring the

20  expenses of trial.  Thus, the amount of attorneys' fees further increases the amount in controversy

21  under traditional diversity jurisdiction far beyond $75,000, based on fees alone.  These fees also

22  provide additional evidence that the CAFA minimum is met.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
CASE NO.  12-CV-02312-MCE (CKD)

601660187

1

**IV.    CONCLUSION**

2        Based on the foregoing, Host requests that Plaintiff's Motion for Remand be denied.

3

4                                          Respectfully submitted,

   Dated:  November 1, 2012

5                                          BAKER & HOSTETLER LLP

6

7                                          By:/s/ Sabrina L. Shadi
                                               MARGARET ROSENTHAL
8                                              SABRINA L. SHADI
                                               DAWN KENNEDY
9                                              MATTHEW I. BOBB

10                                         Attorneys for Defendants
                                           HMS HOST USA, INC., HOST
11                                         INTERNATIONAL, INC. and DONALD
                                           FRAZEE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   15      DEFENDANTS' OPPOSITION TO PLAINTIFF'S
                                           MOTION TO REMAND
                                           CASE NO.  12-CV-02312-MCE (CKD)

601660187